IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN MICHAEL PREAVY, #323613, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:22-cv-706-ECM-JTA ) |
| LEE COUNTY DISTRICT ATTORNEY'S OFFICE, et al., | ) ) ) ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983[1] action in December 2022. (*See* Doc. No. 1.) The Complaint is now before the Court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2] Upon review, and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED prior to service of process as time-barred and for failure to state a claim on which relief may be granted.

---

[1] Plaintiff used the Court's standard 42 U.S.C. § 1983 complaint form (Doc. No. 1) and specifically noted his inability to pay the $350 filing fee (Doc. No. 2 at 1), which is the fee amount for § 1983 cases.

[2] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

## I. THE COMPLAINT

Plaintiff brings this suit against the Lee County District Attorney's Office, Judge Jacob A. Walker, District Attorney Brandon Hughes, and Assistant District Attorney Garrett Saucer. (Doc. No. 1 at 1–2.) He alleges that, on February 5, 2020, he was convicted of trafficking meth and possessing a firearm. (*Id*. at 5.) The previous day, February 4, 2020, Assistant District Attorney Garrett Saucer asked Plaintiff's jury

> if they knew Mark Hagler[,] which at one time was [Plaintiff's] mom[']s boyfriend and at his residence he was arrested for murder and while he was in jail [Plaintiff] lived at his house and was arrested (at his house) so after the jury left [Plaintiff's] lawyer said something about it to Judge Walker.

(*Id*.) Judge Walker then "told the [bailiff] to bring the members of the jury back and [the bailiff] came back in and said he was only able to track down some of them." (*Id*.) Judge Walker told those that returned "not to look up any names [they] heard today on the news or social media," which Plaintiff feels was "not a fair jury selection at all." (*Id*.)

During his trial, District Attorney Brandon Hughes was arrested "for charges [of] perjury, using the office for personal gain, theft 1st degree, and all sorts of other stuff." (*Id*. at 4.) Defendant Hughes "has been caught [lying] in trial and all sorts of other stuff." (*Id*.) Assistant District Attorney Saucer attended Plaintiff's trial, and he "lied to the jury . . . trying to make [them] believe [Plaintiff's] roommate was just a visitor when evidence proved he lived there." (*Id*.) Thus, Plaintiff believes he "was tried by a dishonest DA's office" and did not receive a fair trial. In June of 2020, he received a 21-year sentence. As relief, he seeks a "vacate[d] or reduce[d] sentence." (*Id*. at 6.)

## II.   DISCUSSION

### a.   Plaintiff's Claims are Time-Barred

First, any claims arising from events that occurred more than two years prior to the filing of this action are time-barred by the two-year limitations period that governs 42 U.S.C. § 1983 claims. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard, Plaintiff must have brought them within two years from the date the limitations period began to run. Generally, the limitations period begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996)).

Plaintiff clearly asserts that the events giving rise to his claims occurred in February 2020. (Doc. No. 1 at 2, 4, 5.) Indeed, Plaintiff's claims are based upon events that occurred during his February 4, 2020 jury selection and February 5, 2020 jury trial, both of which he personally attended. Thus, on or before February 5, the facts which would support Plaintiff's causes of action—that is, the alleged unfairness of his jury selection and dishonesty of the District Attorney's Office during his trial—were apparent or should have been apparent to Plaintiff. However, Plaintiff did not file this action until December 12,

2022, more than ten months after the expiration of the limitation period. Thus, it is clear from the face of the pleading that his § 1983 claims are time-barred and must be dismissed.[3]

### b.     Plaintiff's Claims are Barred by *Heck v. Humphrey*

Second, to the extent Plaintiff challenges the legality of his incarceration and claims an improper sentence, such claims are not properly before the Court. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that claims challenging the legality of a prisoner's incarceration are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing such claims must be dismissed. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed [are] not cognizable under § 1983").

All of Plaintiff's claims necessarily imply the invalidity of his conviction or sentence. Indeed, as relief, he specifically seeks a "vacate[d] or reduce[d] sentence." (Doc. No. 1 at 6.) However, the law is clear that "habeas corpus is the exclusive remedy for a

---

[3] *See Holt v. Baker*, 710 F. App'x 422 (11th Cir. 2017) (affirming § 1915A dismissal of prisoner complaint, alleging violations of his rights during criminal proceedings, as time-barred); *Rembert v. Florida*, 572 F. App'x 908 (11th Cir. 2014) (affirming § 1915(e)(2)(B)(ii) dismissal of *pro se* complaint, alleging various constitutional violations arising from his criminal proceedings, as time-barred); *Salas v. Pierce*, 297 F. App'x 874, 876–79 (11th Cir. 2008) (affirming § 1915A and § 1915(e)(2)(B) dismissal of prisoner complaint, alleging unlawful arrest, conspiracy to coerce him into pleading guilty, and a failure to advise him of his rights, as time-barred); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (affirming § 1915(e)(2)(B)(i) dismissal of prisoner claims that were clearly barred by the two-year statute of limitations on the face of the complaint and plaintiff did not allege, nor did the record contain, a basis for tolling).

state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. Accordingly, because Plaintiff's claims are not cognizable in a § 1983 action, they must be dismissed for failure to state a claim on which relief may be granted.[4] *See Balisok*, 520 U.S. at 649 (emphasizing that "a claim either is cognizable under § 1983 and should immediately go forward[] or is not cognizable and should be dismissed").

### c. Defendants are Entitled to Immunity

Finally, even if this suit were not barred by either the applicable statute of limitations or *Heck v. Humphrey*, the named Defendants are immune from suit. First, to the extent Plaintiff may seek damages from Judge Walker for his alleged failure to call the entire jury back to give them a particular instruction, he is not entitled to any such relief. Plaintiff's allegations against Judge Walker arise from his role as the presiding judge over Plaintiff's prior litigation, and it is well established that a plaintiff may not maintain a suit for damages against a judge acting in his judicial capacity. *Mireles v. Waco*, 502 U.S. 9 (1991) (per

---

[4] Although the Court may convert an improper § 1983 action into a habeas action under certain circumstances, those circumstances do not appear to be present here. Even if Plaintiff sought such action from the Court, and he has not, there is no indication that Plaintiff exhausted his claims in state court as required before filing this action. *See* 28 U.S.C. § 2254(b)(1)(A) (providing that habeas petitioners must "exhaust[] the remedies available in the courts of the State" before seeking federal relief); *Middleton v. Georgia*, Case No. CV 421-319, 2022 WL 2671848, at *2 (S.D. Ga. July 11, 2022) ("Plaintiff has not shown that he has exhausted his claim in state court, so this Court may not construe or convert his invalid Section 1983 Complaint into one requesting habeas relief."). Additionally, none of the named Defendants are the proper respondent in a habeas action. *See* Rule 2(a) of the Rules Governing Section 2254 Cases (noting that the only proper respondent in a § 2254 action is the state officer having custody of the petitioner); *Witt v. Lee Cnty. Sheriff's Dep't*, Case No. 2:15-cv-133, 2015 WL 1432603, at *2 (M.D. Fla. Feb. 27, 2015) (declining to convert an improper § 1983 action into a habeas action because it was unclear if plaintiff had exhausted his state remedies and the named defendants were not the proper respondents in a habeas action).

curiam).[5] Thus, any purported claims for damages against Defendant Walker are due to be dismissed.

Similarly, to the extent Plaintiff seeks to bring claims against the District Attorney or Assistant District Attorney who prosecuted Plaintiff, he may not do so. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes the initiation and pursuit of criminal prosecution." *Id*. The allegations against Defendants Hughes and Saucer pertain to their traditional duties as opposing counsel in Plaintiff's criminal case, and they are thus entitled to absolute immunity for those actions. Accordingly, Plaintiff's purported claims against Defendants Hughes and Saucer are also due to be dismissed.

### III.   CONCLUSION

Because Plaintiff's claims are barred by the applicable two-year statute of limitations or are otherwise not cognizable in a § 1983 action, the undersigned finds that any amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile."); *see also Bowhall v. Dep't of Def.*, Case No. 2:10-cv-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because

---

[5] Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies even when a judge's action was in error, done maliciously, or taken in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted); *Mireles*, 502 U.S. at 11 (holding that judicial immunity is not overcome by allegations of bad faith or malice). This immunity may be overcome only if a judge did not act within his judicial capacity or if his actions were taken in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57. The "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted).

plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process as time-barred and for failure to state a claim on which relief may be granted.

It is further ORDERED that, by March 20, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of March, 2023.

/s/ Jerusha T. Adams
_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE